

**FILED**

JAN - 9 2024

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Luis Alfredo GARIBAY-Felix (1),<br><br>Defendant. | Case No.:  **22CR1240-BTM**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18, United States Code, Section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on January 5, 2024, to determine whether the defendant, Luis Alfredo GARIBAY-Felix ("GARIBAY" or Defendant), should be held in custody pending trial on the grounds that he is a flight risk and danger to the community. Assistant U.S. Attorney Victor P. White appeared on behalf of the United States. Court appointed counsel, Raj Singh, appeared on behalf of Defendant.

Based on the evidence proffered by the United States and exhibits utilized during the hearing, evidence proffered by Defendant, the Pretrial Services' report, and the June 2, 2022 indictment issued against Defendant, the Court concludes that the following facts establish by a preponderance of evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required, and establish by clear and

1

convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

I

## FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1)):

Defendant is charged in Indictment No. 22CR1240-BTM with Conspiracy to Distribute over 400 grams of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propenamide (Fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841 and 846.  Therefore, probable cause exists to believe Defendant committed the charged offense.

The charged offense is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.  *See*, 18 U.S.C. § 3142(e).

B. Weight of the Evidence against the Defendant (18 U.S.C. § 3142(g) (2)):

Through a DEA investigation, it was uncovered that GARIBAY conspired with others to distribute a significant quantity of fentanyl. This conspiracy began at a date unknown and continued up to December 31, 2020. The controlled substances Defendant conspired to distribute were over 400 grams of fentanyl.

C.    History and Characteristics of Defendant (18 U.S.C. § 3142(g)(3)):

1. Defendant is a citizen of the United States.
2. Defendant most recently was in prison in Baja California, Mexico since 2022 until the instant arrest. Defendant's past conduct includes several arrests involving firearms and drug-related violent activities and he was incarcerated on several occasions in Mexico.

3. Defendant has strong ties to Mexico. Specifically, Defendant's wife and children continue to reside in Mexico. In addition, Defendant has spent a considerable portion of his adult life in Mexicali, Mexico.

D.    Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)):

Due to his past criminal conduct in the Mexicali region of Baja California, Mexico, and pending charges for conspiracy to distribute a significant quantity of fentanyl in the United States, Defendant poses a danger to the community of the Southern District of California, as well as the adjacent border region of Northern Baja California, Mexico. Mexicali is directly south across the US-Mexico border from Imperial County. Both are interdependent with residents and businesses that sharing numerous connections from familial/personal to commercial. Criminal activity, especially drug trafficking, impacts both communities. The government's position that Defendant's criminal history in the Mexicali region should be considered in the Court's dangerousness analysis is supported by the Ninth Circuit. See United States v. Hir, 517 F.3d 1081, 1089 (9th Cir. 2008) ("community" was not limited to a U.S. geographic location).

Here, Defendant has repeatedly in the past decade been arrested and incarcerated for crimes involving firearms and drug-related violence in the Mexicali region and northern Baja California, Mexico. Most recently, from on or about January 31, 2022, until the instant arrest Defendant was in prison in Mexico. Defendant's most recent Mexican arrest and incarceration stems from an armed violent confrontation with the Mexican military and during which Defendant was injured. See Exhibit 1 & Exhibit 3. Defendant and others were apprehended with "six rifle-type long firearms, 40 magazines of various calibers, 1,007 cartridges of various calibers, a .40 caliber grenade launcher accessory, a bulletproof vest, and a vehicle." Id. Following a court hearing, a Mexican Federal Magistrate Judge found the arrest to be lawful and arraigned them for violations of Mexican federal firearms and explosives law. Id.

In October 2018, Defendant was arrested in the Mexicali Valley, and was identified as one of the main targets of organized crime in Baja California. See Exhibit 2. At the time of his arrest, Defendant was found in possession "of various amounts of marijuana and two AR-15 assault weapons." Id. In September 2012, Defendant was arrested in Tijuana with a firearm. Id. & Exhibit 3.

Defendant is also implicated in multiple homicides involving firearms and that occurred in the Mexicali region on or about February 23, 2021. See Exhibit 3.

## II

## REASONS FOR DETENTION

1. Defendant both presents a serious risk of flight and poses a danger to the community. Defendant should be held in detention in accordance with 18, United States Code, Sections 3142(g)(3), (4).

2. There is probable cause to believe that Defendant committed the offense charged in Indictment No. 22CR1240-BTM with Conspiracy to Distribute over 400 grams of Fentanyl, in violation of Title 21, United States Code, Sections 841 and 846.

3. The offense involves a substantial quantity of Fentanyl.

4. Defendant has strong ties to Mexico. Specifically, Defendant has spent a considerable portion of his adult life in Mexicali, and his wife and children reside in Mexico.

5. Defendant most recently was in prison in Baja California, Mexico since 2022 until the instant arrest. Defendant's past conduct includes several arrests involving firearms and drug-related violent activities and he was incarcerated on several occasions in Mexico.

6. Defendant has not presented a surety with sufficient assets to justify bond.

7. Defendant faces a substantial period in custody if convicted of the offense charged in the Indictment. Therefore, he has a strong motive to flee.

4

8. Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings. *See*, 18 U.S.C. § 3142 (e).

9. Based on Defendant's past criminal conduct in the Mexicali region of Baja California, Mexico, and pending charges for conspiracy to distribute a significant quantity of fentanyl in the United States, Defendant poses a danger to the community of the Southern District of California, as well as the adjacent border region of Northern Baja California, Mexico.

# III

# ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**
**IT IS SO ORDERED.**

DATED: January 9 , 2024          _____
                                HON. LUPE RODRIGUEZ, JR.
                                U.S. MAGISTRATE JUDGE

Prepared by:

TARA K. MCGRATH
United States Attorney


*Victor P. White*
_____
Victor P. White
Assistant U.S. Attorney


cc:    Raj Singh
       Counsel for Defendant

6