TARA K. McGRATH
United States Attorney
VICTOR P. WHITE
CA Bar: 247882
Assistant U.S. Attorney
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8439
Email: Victor.White2@usdoj.gov

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ALFREDO GARIBAY-<br>FELIX (1),<br><br>Defendant. | Case No.: 22CR1240-BTM<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY; PRESERVE EVIDENCE; AND LEAVE TO FILE FURTHER MOTIONS** |

The United States of America, by and through its counsel, United States Attorney, Tara K. McGrath, and Assistant U.S. Attorney, Victor P. White, hereby files its Response in Opposition to Defendant's Motion to Compel Discovery, Preserve Evidence, and Leave to File Further Motions. These motions are based upon the files and records of this case.

## I.

## STATEMENT OF THE CASE

On June 2, 2022, the Grand Jury returned a single-count Indictment charging Defendants Luis Alfredo GARIBAY-Felix, Ivan Omar FIERROS-Morales, and Mario Francisco ZARATE-Lorenzo with Conspiracy to Distribute Fentanyl beginning on an unknown date and continuing up to December 31, 2020, in violation of Title 21, U.S.C., Secs. 841(a)(1) and 846. Defendant FIERROS remains a fugitive. Defendant ZARATE

pled guilty to the Indictment and was sentenced on June 7, 2023 to 24 months' custody. On or about December 29, 2023, GARIBAY-Felix was arrested. On January 2, 2024, GARIBAY-Felix made his initial appearance and was arraigned on the Indictment.

On February 5, 2024, Defendant GARIBAY-Felix filed a motion to compel discovery, preserve evidence, and leave to file further motions (Doc. 75).

At the parties' joint request, the motion hearing/trial setting was continued twice and is currently scheduled for May 13, 2024 at 2:30 p.m.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

To date, the United States has produced several gigabytes of discovery, including numerous reports, audio recorded phone calls, video recordings, phone downloads, defendant's criminal rap sheet, and jail calls. The United States will continue to provide additional discovery as it becomes available on a rolling basis. The United States met and conferred with Defendant GARIBAY-Felix's previous counsel regarding discovery and began initial conversations about discovery with his current defense counsel.

The United States has been and is meeting and conferring with co-defendant ZARATE's counsel regarding discovery to be produced to Defendant GARIBAY-Felix. If there are disputes about the production of that discovery, the United States will raise those disputes with the Court.

Defendant requests "*Brady* Material" and request (17) is for any statement that may be "relevant to any possible defense or contention". The United States recognizes and acknowledges its obligation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The United States will provide reasonable notice of proposed Fed. R. Evid. 404(b) evidence. The United States objects to the request (17) as overbroad, but will work with defense counsel to narrow that request. As to exculpatory or impeachment information, the United States is aware of its obligations under *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972) and will comply with those obligations. The United States will also produce any evidence of

bias/motive, impeachment or criminal investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

Defendant requests information that may result in a lower sentence. The United States is not obligated under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny to furnish a defendant with information which he already knows. *United States v. Taylor*, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). *Brady* is a rule of disclosure, and therefore, there can be no violation of *Brady* if the evidence is already known to the defendant. But even assuming Defendant does not already possess the information about factors which might affect his guideline ranges or under 18 U.S.C. 3553, the United States would not be required to provide information bearing on Defendants mitigation of punishment until after Defendant's conviction or plea of guilty and prior to each defendant's sentencing date. *See United States v. Juvenile Male*, 864 F.2d 641, 647 (9th Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for this information is premature.

The United States has taken steps to preserve evidence in this case, but objects to request (9) as overbroad as it requests preservation of evidence seized from any third party. However, the United States will work with defense counsel to narrow that request. The United States will take steps to preserve everything currently in its custody, aside from the bulk narcotics. To the extent that Defendant requests for a specific item to be preserved, the United States will promptly respond to Defendant's request. Accordingly, a Court order regarding preservation is not necessary at this time. Moreover, the United States will try to preserve all evidence to which Defendants are entitled, but objects to any global request for preservation of all evidence as contrary to <u>Arizona v. Youngblood</u>, 488 U.S. 51, 57 (1988) (finding it improper to impose on the government "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution)".

In request (21) Defendant requests that the prosecutor assigned to this case review all the personnel files of any officers involved in this case.  In *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991), the Ninth Circuit Court of Appeals held that, upon a defendant's request, the United States is required to review personnel files of law enforcement officials that the government intends to call as witnesses.  However, Defendant's request overstates the United States' *Henthorn* obligations and does not cite any legal authority for its motion to require prosecutors to undertake such review.  Each law enforcement agency is aware of their legal obligations in this regard and have their own agency counsels with dedicated staff that are trained and hired for this very purpose.  Agencies are therefore perfectly capable of partaking in the review of personnel files of testifying witnesses.  This request should be denied.

Request (22) for informant's identity and location is premature.  The government has a limited privilege to withhold the identity of a confidential informant. Roviaro v. United States, 353 U.S. 53, 59 (1957); United States v. Sai Keung Wong, 886 F.2d 252, 255 (9th Cir. 1989).  Reports describing the informant's information about Defendant and communications between the informant and Defendant have been and are being provided in discovery.  At this time, Defendant has not made a threshold that disclosure of the informant's identity and location would be relevant and helpful to his defense.

In sum, the United States has provided a substantial amount of discovery and will continue to make additional productions and disclosures on a rolling basis in compliance with its legal obligations.  To the extent Defendant requests specific documents or types of documents, the United States will continue to disclose any and all discovery that is required by the relevant discovery rules.  The United States will also accommodate reasonable requests to inspect items upon a timely request for viewings at mutually agreeable times.

To date, the United States has not received any reciprocal discovery.

Finally, the United States does not oppose Defendants' motions for leave to file further motions, and the United States requests an opportunity to respond.

Similarly, the United States reserves the opportunity to file further motions based on new discovery or legal issues that arise.

## CONCLUSION

For the foregoing reasons, the United States requests that Defendants' motions be denied where opposed.

DATED: May 6, 2024                                    Respectfully submitted,

                                                     Tara K. McGrath
                                                     United States Attorney

                                                     */s/ Victor P. White*
                                                     VICTOR P. WHITE
                                                     Assistant U.S. Attorney

USA RESPONSE IN OPPOSITION TO DEF. MOT.
22CR1240-BTM